# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:20-CV-00457-MR

| | |
|---|---|
| SHALOM SCOTT, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| C.D. WATSON, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, [Doc. 1], and on Plaintiff's motions for discovery, [Docs. 7, 9]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

## I.   BACKGROUND

Pro se Plaintiff Shalom Scott ("Plaintiff") is currently incarcerated at Mecklenburg County Jail in Charlotte, North Carolina. Plaintiff filed this action on August 17, 2020, pursuant to 42 U.S.C. § 1983, naming as Defendants C.D. Watson and J. Caldwell, both identified as Disciplinary Hearing Officers employed by the Mecklenburg County Sheriff's Office. [Doc. 1 at 3]. Plaintiff alleges that, on November 13, 2019, he received "60 days of DDU (S.E.G. confinement) time" with a release date of January 11,

2020. [Doc. 1 at 6]. Giving the Plaintiff the benefit of a very generous inference, the Court will construe this rather cryptic allegation to mean that Plaintiff received a sanction of 60 days confinement in segregation for some unspecified disciplinary infraction. Plaintiff further alleges that he was not released from segregation until January 30, 2020, 19 days after his ordered release date. [Id. at 6-7].

Plaintiff alleges that when he received his disciplinary punishment, Defendant Watson stated, "you aint never getting out the hole." [Doc. 1 at 6]. He further alleges that "one day while [Plaintiff] was still being held past [his] DDU release date; officer C. D. Watson came around doing a tour; and she flashed a flashlight in [his] room quickly and [he] stated, 'im in here past my release date,' But she ignored me and kept walking." [Id. at 6]. Plaintiff alleges that he notified Defendant Caldwell that he was being held past his release date and that Caldwell advised him "that means that Watson didn't send the paperwork to classification to release [him] yet." [Id. at 7].

Plaintiff also alleges that on January 29, 2020, the day before he was released form segregation, he sustained injuries to his back and neck, which caused "intense pain." [Id. at 6]. Plaintiff does not allege how this injury occurred, but he does claim that "medical keeps refusing [him] medical attention from [these] injuries." [Id. at 7]. Plaintiff claims this alleged conduct

2

and his extra time in segregation was violative of his equal protection and substantive due process rights and constituted "deliberate indifference," "gross negligence," and "excessive punishment."[1] [Id. at 6].

For injuries, Plaintiff alleges that he suffered "mental injuries and a physical injury" due to the additional 19 days he spent in segregation. [Id. at 6]. For relief, Plaintiff seeks $522,500 in monetary damages. [Id. at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

---

[1] Plaintiff also purports to state claims for "pain and suffering" and "emotional distress." [See Doc. 1 at 6]. These claims are, in reality, a statement of damages. The Court, therefore, does not further address them here on initial review.

3

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Equal Protection

To establish an equal protection violation, Plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). Here, Plaintiff has not

4

Case 3:20-cv-00457-MR   Document 11   Filed 10/14/20   Page 4 of 11

alleged any facts that he was treated differently from others with whom he is similarly situated. Further, Plaintiff has not alleged any facts tending to show that Defendants participated in any purposeful discrimination. Thus, Plaintiff has failed to state a Fourteenth Amendment Equal Protection claim against either Defendant. Plaintiff may, however, amend his complaint to properly assert this claim should the facts support it.

## B. Substantive Due Process

Plaintiff alleges that his substantive due process rights were violated by his confinement in segregation for 19 days after his ordered release date. Plaintiff does not specifically allege whether he is being held in the Mecklenburg Detention Facility pending disposition of a state court charge or whether he is serving a term of incarceration pursuant to a state conviction. Again, giving the Plaintiff the benefit of a very generous inference arising from the general circumstances alleged, the Court will infer that Plaintiff is a pretrial detainee.

"[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." Tate v. Parks, 791 Fed. App'x 387, 390 (4th Cir. 2019) (citing Bell v. Wolfish, 441 U.S. 520, 535, 99 S. Ct. 1861 (1979)). An individual pretrial detainee may raise a substantive due process challenge to his conditions of confinement "where they are so

5

disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment." Id. (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4th Cir. 2018)). "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred." Id. (citing Williamson, 912 F.3d at 178).

Here, giving Plaintiff the benefit of every reasonable inference and construing the allegations in Plaintiff's favor, the Court finds that Plaintiff's Complaint survives initial review as to Plaintiff's substantive due process claim against Defendant Watson.[2] Plaintiff, however, has not alleged any conduct particular to Defendant Caldwell that supports a substantive due process violation. Plaintiff's allegation that Defendant Caldwell made an offhand statement to Plaintiff explaining that Plaintiff had not been released from segregation because Defendant Watson "didn't send the paperwork to classification to release [Plaintiff] yet" is insufficient to maintain a claim against Defendant Caldwell.

---

[2] Because Plaintiff's substantive due process claim against Defendant Watson survives initial review, the Court declines to specifically address Plaintiff's claims for "excessive punishment," "deliberate indifference," and "gross negligence" on initial review and allows them to proceed against Defendant Watson at this early stage of the proceedings.

6

### C. Denial of Medical Attention

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[3] Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the

---

[3] Because (the Court infers that) Plaintiff was a pretrial trial at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment rather than the Eighth Amendment, which applies to convicted prisoners. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); see also Martin v. Gentile, 849 F.2d 863 (4th Cir. 1988) (applying the Fourteenth Amendment to arrestee's deliberate indifference claims). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See e.g., Young v. City of Mt. Rainer, 238 F.3d 567, 575 (4th Cir. 2001); Martin, 849 F.2d at 863. In Kingsley v. Hendrickson, the United States Supreme Court held that, to state an excessive force claim, a pretrial detainee must only show that the force "purposefully and knowingly used against him was objectively unreasonable" because, although prisoners may not be punished cruelly or unusually, pretrial detainees may not be punished at all. 576 U.S. 389 (2015). Some circuits have held, in light of Kingsley, that an objective reasonableness standard should apply in custodial contexts beyond excessive force. See e.g., Hardeman v. Curran, 933 F.3d 816 (7th Cir. 2019) (extending the objective standard to conditions of confinement cases); Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) (same); Castro v. City of Los Angeles, 833 F.3d 1060, 1069-70 (9th Cir. 2016) (*en banc*) (extending the objective reasonableness standard to failure to protect claims). The Fourth Circuit has not yet addressed this question. See e.g. Duff v. Potter, 665 Fed. App'x 242, 244-45 (4th Cir. 2016) (applying the Kingsley standard to a detainee's excessive force claim but declining to disturb the district court's ruling on plaintiff's claim of deliberate indifference to a serious medical need for procedural reasons). The Court will apply the deliberate indifference standard in this case, as the relevant Fourth Circuit case law has not been overruled and the Fourth Circuit has not expressed any intention to do so. See e.g., Shover v. Chestnut, 798 Fed. App'x 760, 761-62 (4th Cir. 2020) (applying the deliberate indifference standard to a pretrial detainee's medical claim without discussing Kingsley).

7

detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Plaintiff alleges that he sustained a physical injury to his back and neck the day before he was released from segregation. Plaintiff further alleges that "medical keeps refusing [him] medical attention from the injuries [he] sustained while being held in DDU past [his] release date." [Doc. 1 at 7]. Plaintiff, however, fails to allege conduct by any particular individual relative to this denial of medical care or that such denial is relative to a "serious medical need." See Estelle, 429 U.S. at 104.

As such, to the extent Plaintiff intended to assert an Eighth Amendment claim based on deliberate indifference to a serious medical need, he has failed. Plaintiff, however, may amend his complaint to properly assert such a claim if factually supported and if joinder is permitted under Rules 18 and 20 of the Federal Rules of Civil Procedure.

### D. Plaintiff's Motions for Discovery

On September 11, 2020, Plaintiff filed a motion "asking the courts to subpoena hard copies of electronically stored information from [M]ecklenburg county sheriff's office." [Doc. 7]. Plaintiff then enumerates the records he wants the Court to subpoena. [See id.]. Then, on September 22, 2020, Plaintiff filed another document, which can be best characterized as an informal letter requesting the undersigned "and the courts to subpoena [his] records from meclenburg [*sic*] county sheriff's office electronically stored information from kiosk machine." [Doc. 9]. Plaintiff goes on to explain why his acquisition of the specified records is an "emergency." [Id.].

These filings are wholly inappropriate and will be stricken. Plaintiff is referred to the Order of Instructions that was sent to him on August 17, 2020. [See Doc. 3]. This Order instructs Plaintiff, among other things, that "all documents filed in the case must include the case number at the top of the first page;" that "[l]etters sent to the Clerk of Court or Judge will not be answered;" and that "[o]nly motions will be ruled on by the Court." [Id. at 2]. Furthermore, the Order instructs Plaintiff that discovery may only be conducted after a scheduling order has been entered and that discovery requests should not be filed with or directed to the Court. [Id. at 3]. In no event does the Court conduct discovery for the Plaintiff. The Court will,

9

therefore, strike Plaintiff's improper motions for discovery.

Additionally, "[i]t is Plaintiff's responsibility to actively pursue his/her case, <u>obtain any essential discovery in compliance with the applicable rules and procedure</u>, file necessary pleadings and motions, comply with Court orders, <u>refrain from making frivolous or duplicative filings</u>, and expeditiously prepare the case for trial." [Doc. 3 at 2-3 (citing LCvR 26.1) (emphases added)]. Future failures by Plaintiff to abide by the Order of Instructions, whether related to discovery or otherwise, may result in his filings being stricken and/or the summary denial of relief sought therein. [See id. at 3]. The Plaintiff would be well-advised to consult these Instructions before filing additional documents with the Court.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's claims against Defendant Watson for violation of his substantive due process rights, gross negligence, excessive punishment, and deliberate indifference survive initial review. Plaintiff's equal protection claim and his claim based on the denial of medical attention fail initial review. Plaintiff's claims against Defendant Caldwell also fail initial review and he will be dismissed as a Defendant in this matter. Finally, Plaintiff's motions for discovery will be stricken.

10

Case 3:20-cv-00457-MR   Document 11   Filed 10/14/20   Page 10 of 11

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] survives initial review under 28 U.S.C. §§ 1915A and 1915(e) as to Plaintiff's claims against Defendant Watson for violation of Plaintiff's substantive due process rights, gross negligence, excessive punishment, and deliberate indifference. Plaintiff's remaining claims fail initial review in accordance with the terms of this Order and are hereby dismissed. See 28 U.S.C. §§ 1915A, 1915(e).

**IT IS FURTHER ORDERED** that all claims against Defendant Caldwell are hereby **DISMISSED**. See 28 U.S.C. §§ 1915A, 1915(e).

**IT IS FURTHER ORDERED** that Plaintiff's motions [Docs. 7, 9] are hereby **STRICKEN** from the record in this matter.

The Clerk of Court is instructed to direct the U.S. Marshal to effectuate service upon Defendant C.D. Watson with the summons filed at Docket Entry No. 1-2.

**IT IS SO ORDERED**.

Signed: October 13, 2020

Martin Reidinger
Chief United States District Judge

11

Case 3:20-cv-00457-MR   Document 11   Filed 10/14/20   Page 11 of 11