UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00457-MR

| | | |
|---|---|---|
| SHALOM SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| C.D. WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a letter [Doc. 22], filed on Plaintiff's behalf.

On October 14, 2020, Plaintiff's Complaint brought pursuant to 42 U.S.C. § 1983 survived initial review as to Plaintiff's claims against Defendant Watson for violation of his substantive due process rights, gross negligence, excessive punishment, and deliberate indifference. [Doc. 11]. Plaintiff is currently incarcerated at Mecklenburg County Jail. Defendant Watson answered Plaintiff's Complaint and the Court entered a Pretrial Order and Case Management Plan, which set the discovery deadline as March 16, 2021 and the dispositive motions deadline as April 15, 2021. [Docs. 16, 17].

Now before the Court is an unsigned letter written and filed on behalf of Plaintiff ostensibly by another inmate at Mecklenburg County Jail. [Doc. 22]. In this letter, the other inmate states that he is "helping Plaintiff Shalom Scott because he is having serious medical issues with his eyes and cannot read and he also stopped taking his mental health medication." [Id.]. This other inmate asks, "if the case manager plan and the defendant lawyers legal packet deadlines can be extended because of his medical issues and due to Covid-19…." [Id.].

Only Plaintiff may file motions on his own behalf. Appearances in federal court are governed by 28 U.S.C. § 1654, which permits parties "[i]n all of the Courts of the United States … [t]o plead and conduct their own case personally or by counsel…." 28 U.S.C. § 1654. This section, which codifies the Sixth Amendment's right to counsel, allows a litigant a choice between representation by counsel and self-representation. See Faretta v. California, 422 U.S. 834 (1975). The term "counsel" as used in this context, however, refers only to an individual authorized to practice law. See United States v. Irwin, 561 F.2d 198, 200 (10th Cir. 1977). The right to assistance of counsel does not include the right to representation by a person unlicensed to practice law. United States v. Taylor, 569 F.2d 448, 451 (7th Cir. 1978); see also United States v. Martin, 790 F.2d 1215, 1218 (5th Cir. 1986) (holding

that the defendant had no right to be represented by non-lawyer); United States v. Wilhelm, 570 F.2d 461, 465 (3d Cir. 1978) (rejecting contention that defendant had constitutional right "to be represented by a friend who is neither a law school graduate nor a member of the bar").

Plaintiff is advised that attempting to represent the legal interests of anyone other than oneself, unless licensed to practice in the State of North Carolina or admitted elsewhere and specifically admitted, constitutes the unauthorized practice of law, which is a criminal offense in the State of North Carolina. See N.C. Gen. Stat. § 84-4, 84-8.

Based on the foregoing, the Plaintiff is admonished that he must file his own motions, signed solely by him. The Court will strike the letter before it from the record in this matter. Any future pleadings filed or signed by anyone other than Plaintiff may also be stricken and/or referred to the North Carolina State Bar for a determination of whether others are engaging or attempting to engage in the unauthorized practice of law on Plaintiff's behalf. Plaintiff may seek any assistance he needs in reading or physically writing his pleadings from his case manager or other inmates, but any such pleadings must be signed and submitted by the Plaintiff himself.

3

Case 3:20-cv-00457-MR   Document 23   Filed 03/15/21   Page 3 of 4

# **ORDER**

**IT IS, THEREFORE, ORDERED** that the letter [Doc. 22] is hereby **STRICKEN** from the record in this matter.

**IT IS SO ORDERED**.

Signed: March 13, 2021

Martin Reidinger
Chief United States District Judge